1  ROB BONTA, State Bar No. 202668
   Attorney General of California
2  STEVE DIEHL, State Bar No. 235250
   Supervising Deputy Attorney General
3  AARON L. LENT, State Bar No. 256857
   Deputy Attorney General
4  California Department of Justice
   1300 I Street, Suite 125
5  P.O. Box 944255
   Sacramento, CA  94244-2550
6  Telephone:  (916) 210-7545
   Facsimile:  (916) 327-2247
7  E-Mail:  Aaron.Lent@doj.ca.gov
   *Attorneys for Defendant William J. Prasifka*

8

9                  IN THE UNITED STATES DISTRICT COURT

10                FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12 | | |
|---|---|
| **DOUGLAS MACKENZIE, M.D., AND PHYSICIANS FOR INFORMED CONSENT,** | 2:22-CV-01203-JAM-KJN |
| Plaintiffs, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS** |
| **v.** | Date:      September 27, 2022 |
| | Time:      1:30 p.m. |
| **WILLIAM J. PRASIFKA,** | Dept:      6 |
| | Judge:     The Honorable John A. Mendez |
| Defendant. | |

# TABLE OF CONTENTS

**Page**

INTRODUCTION ............................................................................................................... 1

LEGAL STANDARD ......................................................................................................... 2

PLAINTIFFS' ALLEGATIONS .......................................................................................... 4

FACTUAL BACKGROUND ............................................................................................... 4

ARGUMENT ...................................................................................................................... 5

    I.       Plaintiffs' FAC Challenging The MBC Investigation Is Moot ............................. 5

    II.      Plaintiffs' FAC Fails To Establish Standing For Either Plaintiff And On
               Behalf Of Other Unidentified Physicians ............................................................. 7

    III.    Plaintiffs' Assertion The MBC Acted In Bad Faith Is Without Merit ................... 9

    IV.    Plaintiffs' Assertion Of Unconstitutional Vagueness Is Without Merit .............. 12

    V.      The State Defendant Acting In His Official Capacity Is Entitled To
               Sovereign Immunity............................................................................................. 13

    VI.    The State Defendant Acting In His Official Capacity Is Entitled To
               Absolute Immunity .............................................................................................. 14

CONCLUSION ................................................................................................................. 15

i

# TABLE OF AUTHORITIES

**Page**

CASES

*Alaska Right to Life Pol. Action Comm. v. Feldman*
    504 F.3d 840 (9th Cir. 2007).................................................................................8

*Alvarez v. Smith*
    558 U.S. 87 (2009) ...............................................................................................6

*Arizonans for Official English v. Arizona*
    520 U.S. 43 (1997)...............................................................................................4

*Arnett v. Dal Cielo*
    14 Cal.4th 4 (1996) ...........................................................................................10

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009).........................................................................................2, 3

*Baggett v. Bullitt*
    377 U.S. 360 (1964) .........................................................................................12

*Baker v. Carr*
    369 U.S. 186 (1962)...........................................................................................9

*Barrows v. Jackson*
    346 U.S. 249 (1953).............................................................................................9

*Bates v. United Parcel Serv.*
    511 F.3d 974 (9th Cir. 2007)................................................................................7

*Bell Atlantic Corp. v. Twombly*
    550 U.S. 544 (2007)............................................................................................2

*Bradley v. Medical Board*
    56 Cal.App.4th 445 (1997).................................................................................10

*Brooks v. Sulphur Springs Valley Elec. Co.*
    951 F.2d 1050 (9th Cir. 1991)............................................................................13

*Bruns v. Nat'l Credit Union Admin.*
    122 F.3d 1251 (9th Cir. 1997).............................................................................3

*Butz v. Economou*
    438 U.S. 478 (1978).....................................................................................14, 15

*Canatella v. Stovitz*
    365 F.Supp.2d 1064 (N.D. Cal. 2005) ...............................................................13

ii

### TABLE OF AUTHORITIES
**(continued)**

**Page**

*City of Los Angeles v. Lyons*
    461 U.S. 95 (1983)......................................................................................6, 7

*Coal. to Defend Affirmative Action v. Brown*
    674 F.3d 1128 (9th Cir. 2012)...................................................................13, 14

*Conant v. Walters*
    309 F.3d 629 (9th Cir. 2002)...........................................................................10

*Conservation Force v. Salazar*
    646 F.3d 1240 (9th Cir. 2011)...........................................................................2

*Craig v. Boren*
    429 U.S. 190 (1976)..........................................................................................9

*Daniels-Hall v. National Educ. Ass'n*
    629 F.3d 992 (9th Cir. 2010)..........................................................................2, 3

*Doe I v. Wal-Mart Stores, Inc.*
    572 F.3d 677 (9th Cir. 2009).............................................................................3

*Fayer v. Vaughn*
    649 F.3d 1061 (9th Cir. 2011)...........................................................................2

*Foster v. Carson*
    347 F.3d 742 (9th Cir. 2003).............................................................................6

*Friends of the Earth, Inc. v. Bergland*
    576 F.2d 1377 (9th Cir. 1978)...........................................................................6

*Gibson v. United States*
    781 F.2d 1334 (9th Cir. 1986)...........................................................................3

*Gomez v. Vernon*
    255 F.3d 1118 (9th Cir. 2001).........................................................................10

*Griffiths v. Superior Court*
    96 Cal.App.4th 757 (2002).............................................................................10

*Holder v. Humanitarian Law Project*
    561 U.S. 1 (2010)............................................................................................12

*Hollingsworth v. Perry*
    570 U.S. 693 (2013)..........................................................................................8

1

## TABLE OF AUTHORITIES
### (continued)

2

**Page**

3

*Huynh v. Chase Manhattan Bank*
    465 F.3d 992 (9th Cir. 2006)..................................................................................3

4

*Imbler v. Pachtman*
    424 U.S. 409 (1976)..............................................................................................14

5

6

*Jordan v. DeGeorge*
    341 U.S. 223 (1951)..............................................................................................12

7

*Kolender v. Lawson*
    461 U.S. 352 (1983)..............................................................................................12

8

9

*Landeros v. Flood*
    17 Cal.3d 399 (1976) ...........................................................................................11

10

11

*Lewis v. Cont'l Bank Corp.,*
    494 U.S. 472 (1990)...........................................................................................6, 7

12

13

*Mir v. Kirchmeyer*
    No. 12-CV-2340-GPC-DHB, 2016 WL 2745338 (S.D. Cal. May 11, 2016)..........14

14

*Mishler v. Clift*
    191 F.3d 998 (9th Cir. 1999)...............................................................................14

15

16

*Mitchell v. Los Angeles Community College Dist.*
    861 F.2d 198 (9th Cir. 1989)...............................................................................13

17

18

*Murphy v. Hunt*
    455 U.S. 478 (1982) ..............................................................................................7

19

*Natural Resources Defense Council v. California Dep't of Tranp.*
    96 F.3d 420 (9th Cir. 1996)..................................................................................13

20

21

*N.N.V. v. American Assn. of Blood Banks*
    75 Cal.App.4th 1358 (1999)..................................................................................11

22

23

*Norman v. Reed*
    502 U.S. 279 (1992) ..............................................................................................7

24

*O'Shea v. Littleton*
    414 U.S. 488 (1974) ..............................................................................................7

25

26

*Olsen v. Idaho State Bd. of Med.*
    363 F.3d 916 (9th Cir. 2004)...............................................................................14

27

28

1

## TABLE OF AUTHORITIES
### (continued)

2

**Page**

3

*P.M. & R Associates v. Workers' Comp. Appeals Bd.*
  80 Cal.App.4th 357 (2000)........................................................................................10

4

5

*Pennhurst State Sch. & Hosp. v. Halderman*
  465 U.S. 89 (1984)..................................................................................................14

6

*Sanders v. Brown*
  504 F.3d 903 (9th Cir. 2007)...................................................................................2, 3

7

8

*Schneider v. California Dept. of Corr.*
  151 F.3d 1194 (9th Cir. 1998)....................................................................................3

9

10

*Secretary of State v. J.H. Munson Co.*
  467 U.S. 947 (1984)....................................................................................................9

11

*Seminole Tribe of Fla. v. Florida*
  517 U.S. 44 (1996)....................................................................................................13

12

13

*Seven Words LLC v. Network Solutions*
  260 F.3d 1089 (9th Cir. 2001)....................................................................................6

14

*Shea v. Board of Medical Examiners*
  81 Cal.App.3d 564 (1978)....................................................................................11, 13

15

16

*Shively v. Stewart*
  65 Cal.2d 475 (1966) ...............................................................................................10

17

18

*Sierra Club v. Babbitt*
  69 F.Supp.2d 1202 (E.D. Cal. 1999)..........................................................................6

19

*Sierra Club v. Morton*
  405 U.S. 727 (1972)....................................................................................................9

20

21

*Smith v. Goguen*
  415 U.S. 566 (1974)..................................................................................................11

22

23

*Stiger v. Flippin*
  201 Cal. App. 4th 646 (2011)....................................................................................12

24

*Taylor v. List*
  880 F.2d 1040 (9th Cir. 1989)..................................................................................13

25

26

*Tileston v. Ullman*
  318 U.S. 44 (1943)......................................................................................................9

27

28

1

## TABLE OF AUTHORITIES
### (continued)

2

**Page**

3

*U.S. v. Raines*

4
362 U.S. 17 (1960)..................................................................................................8, 9

*U.S. v. Ritchie*

5
342 F.3d 903 (9th Cir. 2003).....................................................................................3

6
*Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*

7
455 U.S. 489 (1982)................................................................................................12

8
*Weinstein v. Bradford*
423 U.S. 147 (1975).................................................................................................7

9

*Warth v. Seldin*

10
422 U.S. 490 (1975).................................................................................................8

11
*Wayne v. Bureau of Private Investigtors & Adjusters*

12
201 Cal.App.2d 427 (1962)....................................................................................13

13
*Younger v. Harris*
401 U.S. 37 (1971)............................................................................................7, 12

14

*Ex parte Young*

15
209 U.S. 123 (1908)....................................................................................13, 14, 15

16
**STATUTES**

17
United States Code Title 28

18
§ 1331...................................................................................................................1
§ 1343...................................................................................................................1

19
§ 2201...................................................................................................................1
§ 2202...................................................................................................................1

20

21
United States Code Title 42
§ 1983......................................................................................................... *passim*

22
§ 1988(b)...............................................................................................................1

23

24

25

26

27

28

1

## TABLE OF AUTHORITIES
### (continued)

2

**Page**

3

California Business and Professions Code

4
    § 101(b) .............................................................................................................9
    § 2001(a) ..........................................................................................................9

5
    § 2001.1 ..........................................................................................................12
    § 2004(a) ........................................................................................................10

6
    § 2004(e) ........................................................................................................10
    § 2220 ...................................................................................................... *passim*

7
    § 2220.5(a) ....................................................................................................10
    § 2220.08 ...................................................................................................5, 11

8
    § 2224(a) ........................................................................................................15
    § 2234 ..................................................................................................... *passim*

9

10
**CONSTITUTIONAL PROVISIONS**

11
United States Constitution
    Article III ................................................................................................ *passim*

12
    First Amendment .................................................................................... *passim*
    Eleventh Amendment ............................................................................. *passim*

13

**COURT RULES**

14

15
Federal Rules of Civil Procedure
    rule 12(b) ..........................................................................................................1

16
    rule 12(b)(6) ........................................................................................... *passim*
    rule 56 ..........................................................................................................3, 4

17

**OTHER AUTHORITIES**

18

19
California Code of Regulations Title 16
    § 1356 ……………………..…………………………………………………………15

20
LegiScan Roll Call: California Assembly Bill 2098. 2021-2022

21
https://legiscan.com/CA/rollcall/AB2098/id/1222772 ...............................................11

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS (2:22-CV-01203-JAM-KJN)**

1    Defendant, Executive Director of the California Medical Board William J. Prasifka, hereby

2    moves this Court for an Order dismissing the First Amended Complaint ("FAC") filed by

3    Plaintiffs, Douglas Mackenzie, M.D., and Physicians For Informed Consent ("PIC"). Defendant

4    brings this motion pursuant to Rule 12(b) of the Federal Rules of Civil Procedure[1] for lack of

5    jurisdiction and for failure to state a claim upon which relief can be granted.  For the reasons set

6    forth herein, Defendant respectfully submits that oral argument on this motion is unnecessary and

7    requests dismissal of the FAC without leave to amend.

8                                  **INTRODUCTION**

9    Plaintiffs seek preliminary and permanent injunctive relief to enjoin the Medical Board of

10   California (hereinafter "MBC") from conducting an investigation of a complaint made by a

11   member of the public concerning Plaintiff Mackenzie's statements made to the Santa Barbara

12   Unified School District on or about August 10, 2021, as well as any future public statements

13   Plaintiff Mackenzie may make regarding public health matters. Additionally, Plaintiffs seek

14   permanent injunctive relief to have the MBC dismiss Plaintiff Mackenzie's present investigation

15   and all other MBC investigations of all California licensed physicians pertaining to "Covid

16   misinformation," as well as permanently bar all such future MBC investigations. Plaintiffs also

17   seek preliminary injunctive relief against the MBC for all pending investigations concerning

18   "Covid misinformation." Plaintiffs seek actual damages as well as costs and attorneys' fees.

19   Plaintiffs attempt to assert claims for violations of the First Amendment of the U.S.

20   Constitution, a 42 U.S.C. § 1983 civil rights action under 28 U.S.C. § 1331, as well as injunctive

21   relief pursuant to 28 U.S.C. § 1343 and declaratory relief under 28 U.S.C. §§ 2201 and 2202.

22   Plaintiffs also seek money damages under Section 42. U.S.C. § 1983 with costs and attorneys'

23   fees under 42 USC § 1988 (b).  For the reasons discussed in detail below, this action should be

24   dismissed with prejudice.

25   ///

26   ///

27   _____

28      [1] Hereinafter, the Federal Rules of Civil Procedure will be identified as "Rule *."
     Reference to any other codes shall so indicate.

                                              1

**LEGAL STANDARD**

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim. Dismissal is proper if there is a lack of a cognizable legal theory, or the absence of sufficient facts alleged under a cognizable legal theory. *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Conservation Force*, 646 F.3d at 1242. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. The plausibility standard is not akin to a "probability requirement," but it asks more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 557 (2007).

The Court must accept well-pled factual allegations as true and draw reasonable inferences in favor of the non-moving party. *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). However, even when a pleading contains well-pled facts, the court must be able to infer more than "the mere possibility of misconduct;" otherwise, the complaint has alleged, but has not shown "that the pleader is entitled to relief." *Iqbal*, at 678. While the court accepts the factual allegations in the complaint as true and construes the complaint in the light most favorable to the plaintiff, *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011), it does not accept the truth of legal assertions cast as factual allegations or make unwarranted inferences in the plaintiff's favor.[2] *Id.* Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Twombly*, at 555. Although for the purposes of a motion to dismiss, factual allegations in a complaint must be accepted as true, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* "[A] liberal interpretation of a civil rights complaint may not

_____

[2] Plaintiffs' FAC contains as many, if not more, legal assertions as opposed to actual factual allegations.

2

1    supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union*

2    *Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997), and courts are not required to indulge unwarranted

3    inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009). The "sheer

4    possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely

5    consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*,

6    556 U.S. at 678.

7        To state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must plead facts that show the

8    defendants acted under color of state law at the time the act complained of was committed and

9    that the defendants deprived the plaintiff of rights, privileges, or immunities secured by the

10   Constitution or laws of the United States. *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir.

11   1986).  For the reasons discussed in detail below, Plaintiffs fail and are unable to state facts

12   implicating a federally protected right, therefore necessitating dismissal of this action.

13       In resolving a Rule 12(b)(6) motion, a court's review is generally limited to the operative

14   pleading.  *Daniels-Hall*, 629 F.3d at 998; *Sanders*, 504 F.3d at 910; *Huynh v. Chase Manhattan*

15   *Bank*, 465 F.3d 992, 1003 (9th Cir. 2006); *Schneider v. California Dept. of Corr.*, 151 F.3d 1194,

16   1197 n.1 (9th Cir. 1998).  Rule 12(b)(6) expressly provides that when matters outside the

17   pleading are presented to and not excluded by the court, the motion shall be treated as one for

18   summary judgment and disposed of as provided in Rule 56 with all parties receiving reasonable

19   opportunity to present all material made pertinent to such a motion by Rule 56.  Rule 12(b)(6).

20   There are, however, two exceptions to the requirement that consideration of extrinsic evidence

21   converts a Rule 12(b)(6) motion to a summary judgment motion.  First, courts may properly

22   consider matters subject to judicial notice, and second, documents incorporated by reference in

23   the pleading, without converting the motion to dismiss to one for summary judgment.  *U.S. v.*

24   *Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

25       Defendant requests incorporation by reference of the documents in Exhibit 1 (Declaration

26   of MBC's Chief of Enforcement Jenna Jones) and Exhibit 2 (Letter dated July 14, 2022, from

27   MBC to Plaintiff Mackenzie) as delineated in and attached hereto for the purposes of this motion.

28

                                                3

1    Alternatively, if Exhibits 1 and 2 are not incorporated by reference, Defendant requests the

2    motion be treated as one for summary judgment and disposed of as provided in Rule 56.

3                                    **PLAINTIFFS' ALLEGATIONS**

4         Plaintiffs allege in the FAC that, on August 10, 2021, Plaintiff Mackenzie participated in a

5    Zoom meeting of the Santa Barbara Unified School District for approximately two minutes,

6    during which he identified himself as a California licensed surgeon and made several public

7    statements regarding the COVID related pandemic health issues. Specifically, Plaintiff

8    Mackenzie spoke about the nature of a respiratory virus, reinfections, virus variants, vaccinations,

9    the overprescribing of antibiotics, resistant bacteria, and ivermectin. (ECF No. 6, FAC pp. 7-8.)

10        Subsequently, Plaintiff Mackenzie received a letter from the MBC dated December 15,

11   2021, indicating that a complaint was lodged with the MBC against him based on his August 10,

12   2021, statements. (ECF No. 6, FAC p. 8.) The letter requested Plaintiff Mackenzie provide the

13   MBC with a written response as to the allegations of the complaint (*Id.*) Plaintiff Mackenzie then

14   elected to retain the services of legal counsel who drafted and sent a written response letter to the

15   MBC in January 2022. (*Id.*)

16                                    **FACTUAL BACKGROUND**

17        The sequence of events on which Plaintiffs base their claims are shown in the documents

18   attached to Defendant's Request for Incorporation by Reference (hereinafter "RIR"),[3] and are

19   delineated here.  On or about August 10, 2021, after Plaintiff Mackenzie made his statements at

20   the Santa Barbara Unified School District meeting, the MBC received an online complaint lodged

21   against Plaintiff Mackenzie.  (RIR, Exh. 1 Declaration of Jenna Jones at p. 2.) The online

22   complaint alleged that Plaintiff Mackenzie identified himself with his medical credentials at a

23   school board meeting and proceeded to state people should just take ivermectin. (*Id.*) The online

24   complaint also alleged Plaintiff Mackenzie spoke against children being tested for COVID, stated

25   that it was all a conspiracy theory from politicians, and that ivermectin can cure COVID. (*Id.*)

26   ///

27   _____

        [3] With respect to both parties, "[i]t is the duty of counsel to bring to the federal tribunal's
     attention, 'without delay,' facts that may raise a question of mootness." *Arizonans for Official*
28   *English v. Arizona*, 520 U.S. 43, 68 n. 23 (1997).

                                                                                4

1    On or about December 15, 2021, in response to receiving the online complaint, a staff

2    service analyst on behalf of the MBC mailed an MBC standard form letter to Plaintiff Mackenzie

3    informing him of the specific allegations contained in the online complaint lodged against him

4    with the MBC. (*Id.*)  The MBC's standard form letter also requested Plaintiff Mackenzie provide

5    the MBC with a written response to the specific allegations contained in the online complaint,

6    pursuant to Cal. Bus. & Prof. Code § 2220.08. (*Id.*) This MBC standard form letter is generated

7    and sent to subjects of a complaint when the MBC receives an online complaint in order to give

8    the subject physician the statutorily required opportunity to respond and allow the MBC to

9    determine if a referral of the matter to an investigative field office is necessary. (*Id.*)

10   On or about January 17, 2022, a legal representative on behalf of Plaintiff Mackenzie

11   mailed a letter to the MBC in response to the specific allegations contained in the complaint. In

12   that letter, Plaintiff Mackenzie denied making any such statements. (*Id.*)  This letter was

13   accompanied by a recording of Plaintiff Mackenzie's verbal statements from the August 10, 2021

14   meeting which corroborated Plaintiff Mackenzie's written response that he made no such

15   statements, as alleged in the online complaint. (*Id.*)

16   Upon review of the January 17, 2022, letter and recording, the MBC determined in January

17   2022 that no unprofessional conduct violation(s) occurred and that the matter would be closed.

18   (*Id.*)  Unfortunately, due to severe budgetary and staffing issues, the MBC did not transmit a

19   closing letter to the Plaintiff Mackenzie conveying the MBC's action to close the administrative

20   matter until July 14, 2022. (*Id.*, Exh. 2 Letter sent by MBC to Plaintiff Mackenzie.)

21   **ARGUMENT**

22   **I.    PLAINTIFFS' FAC CHALLENGING THE MBC INVESTIGATION IS MOOT**

23   As explained above, Plaintiffs' FAC and the gravamen of the allegations asserted therein

24   challenge the MBC's initial inquiry into Plaintiff Mackenzie's statements made on August 10,

25   2021, without acknowledging that the basis of the MBC's brief inquiry was not the content of

26   Plaintiff Mackenzie's statements made on August 10, 2021, but rather the content of the alleged

27   statements contained in the online complaint the MBC received.  After reviewing Plaintiff

28   Mackenzie's written responses to the specific allegations contained in the online complaint,

5

accompanied by a recording of the August 10, 2021 statements, the MBC ceased its inquiry and closed the matter without further action or investigation; all of which occurred prior to Defendant being served with notice of this action on July 18, 2022. Plaintiffs' claims pertaining to the August 10, 2021 statements are thus moot and should be dismissed.

"If there is no longer a possibility that an appellant can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction." *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003). To survive a mootness challenge, "'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" *Seven Words LLC v. Network Solutions*, 260 F.3d 1089, 1095 (9th Cir. 2001); *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003). Thus, if an event occurs while the case is pending that removes the threat of injury when only prospective relief had been sought, then the case must be dismissed. *Sierra Club v. Babbitt*, 69 F.Supp.2d 1202, 1244 (E.D. Cal. 1999).

In other words, "[w]here the activities sought to be enjoined have already occurred, and the appellate courts cannot undo what has already been done, the action is moot," *Friends of the Earth, Inc. v. Bergland*, 576 F.2d 1377, 1379 (9th Cir. 1978), and it must be dismissed. *See Alvarez v. Smith*, 558 U.S. 87 (2009) (mootness: "[The] dispute is no longer embedded in any actual controversy about the plaintiffs' particular legal rights. Rather, it is an abstract dispute about the law, unlikely to affect these plaintiffs any more than it affects other ... citizens. And a dispute solely about the meaning of a law, abstracted from any concrete actual or threatened harm, falls outside the scope of the constitutional words 'Cases' and 'Controversies.' ").

The specific and narrow circumstances surrounding the online allegations the MBC received regarding Plaintiff Mackenzie's August 10, 2021 statements, and the MBC's subsequent brief inquiry and closure of the matter, are also not capable of repetition while evading review. "[T]he capable-of-repetition doctrine applies only in exceptional situations," *City of Los Angeles v. Lyons,* 461 U.S. 95, 109, 103 (1983), "where the following two circumstances [are] simultaneously present: ' "(1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again," ' " *Lewis*, 494 U.S., at 481,

1   (quoting *Murphy v. Hunt*, 455 U.S. 478, 482, (1982) (per curiam), in turn quoting *Weinstein v.*

2   *Bradford*, 423 U.S. 147, 149 (1975) (per curiam) ); *see also Norman v. Reed*, 502 U.S. 279, 288

3   (1992). Plaintiffs have not shown that the time between the utterance of Plaintiff Mackenzie's

4   statements and the conclusion of an MBC inquiry after receiving an online complaint regarding

5   the alleged statements is always so short as to evade review. Nor have Plaintiffs demonstrated a

6   reasonable likelihood that they or any other licensed physician in the state has previously,

7   currently, or will ever be investigated for the alleged statements as contained in the online

8   complaint against Plaintiff Mackenzie. Plaintiffs' allegations only mention "two other physicians"

9   without identifying the individuals or their respective circumstances. (ECF No. 6, FAC pp. 3, 9.)

10  Defendant's motion to dismiss should thus be granted without leave to amend.

11  **II.**   **PLAINTIFFS' FAC FAILS TO ESTABLISH STANDING FOR EITHER PLAINTIFF AND ON**
       **BEHALF OF OTHER UNIDENTIFIED PHYSICIANS**
12

13          To establish Article III standing for injunctive relief, a plaintiff must show both "that he has

14  suffered or is threatened with a 'concrete and particularized' legal harm" and that there is "a real

15  and immediate threat of repeated injury." *Bates v. United Parcel Serv.*, 511 F.3d 974, 985 (9th

16  Cir. 2007).  In a suit for prospective injunctive relief, a plaintiff is required to demonstrate a real

17  and immediate threat of future injury. *City of Los Angeles v. Lyons*, 461 U.S. 95, 101–02 (1983)

18  (holding that the threat must be " 'real and immediate' " as opposed to " 'conjectural' or

19  'hypothetical' "). The key issue is whether the plaintiff is "likely to suffer future injury." *Id.* at

20  105, 103 S.Ct. 1660; *see also O'Shea v. Littleton*, 414 U.S. 488, 496, 498 (1974). In the context of

21  injunctive relief, the plaintiff must demonstrate a real or immediate threat of an irreparable injury.

22  *See Lyons*, 461 U.S. at 110–11.  The mere existence of a 'chilling effect,' even in the area of First

23  Amendment rights, is not a sufficient basis, in and of itself, for prohibiting state action.  *Younger*

24  *v. Harris*, 401 U.S. 37, 51 (1971).

25          Plaintiffs fail to establish that they suffered an injury in fact that is concrete and,

26  particularized, or that there is an imminent threat of future injury as a result of the MBC's initial

27  standard form letter to Plaintiff Mackenzie requesting a written response and the subsequent

28  MBC letter sent to Plaintiff Mackenzie closing the matter. The initial standard form letter also

7

1   informed Plaintiff Mackenzie that if no written response was received, and the MBC confirmed a

2   violation of law did in fact occur, that future action could be taken. This conditional advisement

3   did not presumptively conclude or even allege that Plaintiff Mackenzie had violated the law on

4   August 10, 2021; nor did it state that any subsequent action by the MBC would occur as result. It

5   merely informed Plaintiff Mackenzie of the possibility that additional action by the MBC might

6   ensue, without specifying what that action might be if the condition precedent was met.

7   Consequently, the MBC ceased its initial inquiry and closed the matter relating to the allegations

8   of Plaintiff  Mackenzie's August 10, 2021 statements after receiving Plaintiff Mackenzie's

9   responsive letter and media file; finding that no unprofessional conduct occurred, which resulted

10  in no additional or future action by the MBC as to Plaintiff Mackenzie's August 10, 2021

11  statements. Thus, Plaintiffs suffered no injury, and no immediate threat of repeated injury based

12  on Plaintiff Mackenzie's August 10, 2021 statements will occur.

13      Plaintiffs' FAC also attempts to seek injunctive relief on behalf of all physicians without

14  identifying these individual plaintiffs or the specific circumstances upon which each one is

15  currently and allegedly being investigated or disciplined by the MBC.

16      "In addition to these Article III requirements of injury in fact, causation, and redressibility,

17  prudential standing concerns require that we consider, for example, ... whether the plaintiff is

18  asserting her own rights or the rights of third parties ...." *Alaska Right to Life Political Action*

19  *Comm*., 504 F.3d 840, 848 (9th Cir. 2007); *see also Hollingsworth v. Perry*, 570 U.S. 693, 708

20  (2013) ("It is, however, a 'fundamental restriction on our authority' that 'in the ordinary course, a

21  litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on

22  the legal rights or interests of third parties.'"

23      "[T]he plaintiff generally must assert his own legal rights and interests, and cannot rest his

24  claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499,

25  (1975); *United States v. Raines*, 362 U.S. 17 (1960). The reason for this rule is twofold. The

26  limitation "frees the Court not only from unnecessary pronouncement on constitutional issues, but

27  also from premature interpretations of statutes in areas where their constitutional application

28

8

1  might be cloudy," *United States v. Raines*, 362 U.S., at 22, and it assures the court that the issues

2  before it will be concrete and sharply presented. *See Baker v. Carr*, 369 U.S. 186, 204, (1962).

3        Plaintiffs fail to establish that any unidentified third party plaintiff has incurred substantial

4  obstacles that prevent the third party physician(s) from asserting their rights on behalf of

5  themselves (*Barrow v. Jackson*, 346 U.S. 249, 255-56 (1953); *Secretary of State v. J.H. Munson*

6  *Co.*, 467 U.S. 947, 956 (1984)), or even whether the unnamed third party physician(s) can

7  reasonably be expected properly to frame the issues and present them. *Craig v. Boren*, 429 U.S.

8  190, 193–194 (1976). Plaintiffs also have no basis to assert standing or secure an adjudication on

9  behalf of another's alleged constitutional right which they have not asserted on their own behalf.

10  *Tileston v. Ullman*, 318 U.S. 44, 46 (1943). Nor does Plaintiff PIC establish, based on the MBC's

11  initial standard inquiry form letter and subsequent closing letter to Plaintiff Mackenzie, that there

12  is an injury in fact to any member of its organization that would give individual members a right

13  to sue on their own behalf. *Sierra Club v. Morton* 405 U.S. 727, 735 (1972).

14  **III.  PLAINTIFFS' ASSERTION THE MBC ACTED IN BAD FAITH IS WITHOUT MERIT**

15        Plaintiffs allege in the FAC that the MBC acted in bad faith by conducting the brief inquiry

16  of sending Plaintiff Mackenzie an initial standard form letter that is typically generated when the

17  MBC receives an online complaint, to request a response to the allegations contained in the online

18  complaint concerning Plaintiff Mackenzie's August 10, 2021 statements in order to determine if a

19  referral of the matter to an investigative field office was necessary.

20        The MBC is an administrative agency within the California Department of Consumer

21  Affairs. Cal. Bus. & Prof. Code §§ 101, subd. (b), 2001, subd. (a).  "Since the earliest days of

22  regulation the Board has been charged with the duty to protect the public against incompetent,

23  impaired, or negligent physicians and, to that end, has been vested with the power to revoke

24  medical licenses on grounds of unprofessional conduct [citation]." (*Ibid*.) Consistent with its

25  overall mission, the MBC has been given statutory responsibility for, among other things,

26  "enforcement of the disciplinary and criminal provisions of the Medical Practice Act" and

27  "[r]eviewing the quality of medical practice carried out by physician and surgeon certificate

28  holders under the jurisdiction of the [B]oard." Cal. Bus. & Prof. Code § 2004, subds.(a), (e).

9

1    To enable the MBC to carry out its enforcement responsibilities, the Medical Practice Act

2  "broadly vests" the MBC with investigative powers. *Arnett v. Dal Cielo,* 14 Cal.4th 4, 7-8 (1996);

3  *see* Cal. Bus. & Prof. Code § 2220.  "Such investigatory powers have been liberally construed."

4  *Shively v. Stewart* 65 Cal.2d 475, 479 (1966).  The MBC's investigative powers with respect to

5  disciplinary actions "relating to" physicians licensed by the MBC are exclusive. Cal. Bus. & Prof.

6  Code § 2220.5(a); *PM & R Associates v. Workers' Comp. Bd*. 80 Cal.App.4th 357, 363 (2000).

7    Specifically, the MBC is statutorily required to investigate complaints that a physician

8  "may be guilty of unprofessional conduct" (Cal. Bus. & Prof. Code § 2220, subd. (a)). *Griffiths v.*

9  *Superior Court* 96 Cal.App.4th 757, 768 (2002); *Bradley v. Medical Board* 56 Cal.App.4th 445,

10  457 (1997) [noting MBC's obligation to investigate complaints that physician may be guilty of

11  unprofessional conduct].) This authority is derived from "the state's inherent power to regulate

12  the use of property to preserve the public health, morals, comfort, order, and safety."  *Griffiths v.*

13  *Superior Court* 96 Cal.App.4th 757, 768-769 (2002).  When a government agency is involved, it

14  must "be granted 'the widest latitude in the dispatch of its own internal affairs,'" *Gomez v.*

15  *Vernon*, 255 F.3d 1118, 1128 (9th Cir. 2001), and "[w]hen a state agency is involved, these

16  considerations are, in anything, strengthened because of federalism concerns," *Gomez*, 255 F.3d

17  at 1128.  "[A]ny injunctive relief awarded must avoid unnecessary disruption to the state agency's

18  'normal course of proceeding.'"  *Id*. at 1128.

19    This statutory basis for the MBC to investigate complaints is distinguishable from the

20  narrow holding in *Conant v. Walters*, 309 F.3d 629 (9th Cir. 2002) cited in Plaintiffs' FAC,

21  where that court interpreted the specific injunctive relief sought in that matter to "mean only that

22  the government may not initiate an investigation of a physician solely on the basis of a

23  recommendation of marijuana within a bona fide doctor-patient relationship, unless the

24  government in good faith believes that it has substantial evidence of criminal conduct."

25  *Conant,supra*, 309 F.3d at pp. 636. The content-based law at issue in *Conant v. Walters* is not

26

27

28

10

present in the currently codified[4] content-neutral statutory scheme of Cal. Bus. & Prof. Code § 2234.

Unprofessional conduct under Cal. Bus. & Prof. Code § 2234 is conduct which breaches the rules of the ethical code of the medical profession, or conduct which is unbecoming to a member in good standing of the medical profession, and which demonstrates an unfitness to practice medicine. *Shea v. Board of Medical Examiners,* 81 Cal.App.3d 564, 575 (1978). Unprofessional conduct can include, but is not limited to, acts of negligence, incompetence, or dishonesty. Cal. Bus. & Prof. Code § 2234.

The standard of care by which a medical professional's conduct is determined to be unprofessional or substandard is that level of skill, knowledge, and care, in diagnosis and treatment ordinarily possessed and exercised by other reasonably careful and prudent physicians in the same or similar circumstances at the time in question. *Landeros v. Flood,* 17 Cal.3d 399, 408 (1976). Only medical professional experts can opine as to this level of skill, knowledge, and care. *N.N.V. v. American Assn. of Blood Banks*, 75 Cal.App.4th 1358, 1385 (1999).

As previously stated, the MBC received an online complaint alleging Plaintiff Mackenzie had made conclusory and sweeping medical quality of care statements such as everyone should just take ivermectin, that ivermectin can cure COVID, that children should not be tested for COVID, and that COVID was a conspiracy theory. The MBC then sent Plaintiff Mackenzie a standard form letter requesting a response to these allegations to better ascertain the circumstances and context of these allegations prior to determining if a referral of the matter to an investigative field office was necessary. The MBC was statutorily required to at least obtain Plaintiff Mackenzie's response to the allegations of the online complaint, which potentially implicated Plaintiff Mackenzie in unprofessional conduct exhibited by a departure from the standard of care. *See* Cal. Bus. & Prof. Code § 2220.08.

The MBC's highest priority is the protection of the public. Cal. Bus. & Prof. Code, § 2001.1. In fulfilling its enforcement responsibilities, the MBC is entitled to investigate

---

[4] Distinguishable from the uncodified California Assembly Bill 2098 that is still engrossed in committee in the California State Senate, and is not yet law, which Plaintiffs' FAC cites over a dozen times. *LegiScan Roll Call: CA AB 2098 2021-2022* https://legiscan.com/CA/rollcall/AB2098/id/1222772.

11

1  complaints from the public. Cal. Bus. & Prof. Code, § 2220. The MBC can investigate merely on

2  suspicion that the law is being violated, or even just because it wants assurance that it is not.

3  *Stiger v. Flippin,* 201 Cal. App. 4th 646 (2011).

4     Once the MBC obtained the written response and media file from Plaintiff Mackenzie

5  providing explanation and context to his statements, which rebutted the allegations contained in

6  the online complaint, the MBC took no further action other than to inform Plaintiff Mackenzie

7  that no unprofessional conduct occurred and that the matter would be closed.

8     The MBC's brief and confidential good faith inquiry was pursuant to its duty to protect the

9  public, in compliance with its statutory responsibility and requirements, and within its codified

10  legal authority.  Just as in *Younger v. Harris*, 401 U.S. 37, 54 (1971), Plaintiffs' FAC fails to

11  demonstrate the MBC acted in bad faith, harassment, or any other unusual circumstance.

12  **IV.   PLAINTIFFS' ASSERTION OF UNCONSTITUTIONAL VAGUENESS IS WITHOUT MERIT**

13     In general, the void-for-vagueness doctrine requires that a statute define the offense with

14  sufficient definiteness that ordinary people can understand what conduct is prohibited and in a

15  manner that does not encourage arbitrary and discriminatory enforcement. *Kolender v. Lawson*,

16  461 U.S. 352, 357 (1983). "The test is whether the language conveys sufficiently definite warning

17  as to the proscribed conduct when measured by common understanding and practices." *Jordan v.

18  DeGeorge,* 341 U.S. 223, 231-32 (1951). "[P]erfect clarity and precise guidance have never been

19  required" of a statute. *Holder v. Humanitarian Law Project*, 561 U.S. 1, (2010).  When reviewing

20  a statute for vagueness, the court must "indulge a presumption of constitutionality." *Baggett v.

21  Bullitt*, 377 U.S. 360, 372 (1964).

22     A vagueness challenge is upheld only if the challenged law is impermissibly vague in all of

23  its applications, or specifies "no standard of conduct . . . at all."  *Village of Hoffman Estates v.

24  Flipside, Hoffman Estates, Inc*., 455 U.S. 489, 494-495, 489 n.7 (1982). "Where a statute's literal

25  scope, unaided by a narrowing state court interpretation, is capable of reaching expression

26  sheltered by the First Amendment, the doctrine demands a greater degree of specificity than in

27  other contexts." *Smith v. Goguen*, 415 U.S. 566, 573, (1974).

28

As stated previously, Cal. Business & Professions Code § 2234 specifies a standard of conduct as unprofessional, which has been interpreted and narrowed by state court case law as conduct which breaches the rules of the ethical code of the medical profession, or conduct which is unbecoming to a member in good standing of the medical profession, and which demonstrates an unfitness to practice medicine. *Shea v. Board of Medical Examiners,* 81 Cal.App.3d 564, 575 (1978). Cal. Business & Professions Code § 2234 specifically identifies unprofessional conduct which can include, but is not limited to acts of negligence, incompetence, or dishonesty.[5] The provision of 2234 stating that "unprofessional conduct" includes, but is not limited to, certain enumerated conduct is also not invalid for failing to define sufficiently what constitutes unprofessional conduct; nor is the term "unprofessional conduct" vague and overly broad. *Shea v. Board of Medical Examiners,* 81 Cal.App.3d 564 (1978).

## V. THE STATE DEFENDANT ACTING IN HIS OFFICIAL CAPACITY IS ENTITLED TO SOVEREIGN IMMUNITY

The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. *Brooks v. Sulphur Springs Valley Elec. Co.*, 951 F.2d 1050, 1053 (9th Cir. 1991); *see also Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996). The Eleventh Amendment bars suits against state agencies as well as actions where the state itself is named as a defendant. *See Natural Resources Defense Council v. California Dep't of Tranp.*, 96 F.3d 420, 421 (9th Cir. 1996); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Mitchell v. Los Angeles Community College Dist.*, 861 F.2d 198, 201 (9th Cir. 1989).

The Eleventh Amendment does not "bar actions for prospective declaratory or injunctive relief against state officers in their official capacities for their alleged violations of federal law." *Coal. to Defend Affirmative Action v. Brown*, 674 F.3d 1128, 1134 (9th Cir. 2012). However, pursuant to *Ex parte Young*, "[t]he individual state official sued 'must have some connection with the enforcement of the act.'" *Id.* (quoting *Ex parte Young*, 209 U.S. 123, 157 (1908)). "[T]hat connection must be fairly direct; a generalized duty to enforce state law or general supervisory

---

[5] "The word "dishonesty" is not unconstitutionally vague. *Wayne v. Bureau of Private Investigators & Adjusters*, 201 Cal.App.2d 427, 440 (1962) ("It would be almost impossible to draft a statute which would specifically set forth every conceivable act which might be defined as being dishonest.")." *Canatella v. Stovitz*, 365 F.Supp.2d 1064, 1075 (N.D. Cal. 2005).

13

1    power over the persons responsible for enforcing the challenged provision will not subject an

2    official to suit." *Coalition to Defend Affirmative Action*, 674 F.3d at 1134. Furthermore, the

3    Supreme Court has refused to extend *Ex Parte Young* to claims of retrospective relief. *Pennhurst*

4    *State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 102– 103 (1984).

5        Here, the MBC, as an arm of the State of California, as well as its head, Defendant Prasifka

6    in his official capacities,[6] are immune from suit.  Congress has not abrogated California's

7    sovereign immunity and California has not consented to nor waived its sovereign immunity

8    regarding the legal theories asserted in the FAC.  Defendant Prasifka presides over the MBC,

9    whose duties are far too attenuated and do not fall under the exception set forth in *Ex parte Young*

10   for Plaintiffs to be allowed to proceed on basis of the brief and closed inquiry by an MBC staff

11   analyst pertaining to Plaintiff's Mackenzie's August 10, 2021 alleged statements.  Accordingly,

12   Plaintiffs' claims are barred by sovereign immunity under the Eleventh Amendment.

13       Plaintiffs' FAC also includes a request for money damages. To the extent the state

14   Defendant is sued in his official capacity for damages, Plaintiffs' claims for damages must be

15   dismissed. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102– 103 (1984).

16   **VI.   THE STATE DEFENDANT ACTING IN HIS OFFICIAL CAPACITY IS ENTITLED TO**
         **ABSOLUTE IMMUNITY**
17

18       Judges and prosecutors functioning in their official capacity are accorded absolute

19   immunity, including for claims under 42 U.S.C. §1983. *Olsen v. Idaho State Bd. of Med*., 363

20   F.3d 916, 922 (9th Cir. 2004); *see also Imbler v. Pachtman*, 424 U.S. 409 (1976). "Absolute

21   immunity may also be extended to state officials who are not traditionally regarded as judges or

22   prosecutors if the functions they perform are similar to those performed by judges or

23   prosecutors." *Butz v. Economou*, 438 U.S. 478, 513 (1978); *Mishler v. Clift*, 191 F.3d 998, 1002

24   (9th Cir. 1999).

25       The Ninth Circuit held that state medical boards and their officers are entitled to absolute

26   immunity for the non-ministerial acts they commit in performing their duties. *Mir v. Kirchmeyer,*

27   No. 12-CV-2340-GPC-DHB, 2016 WL 2745338 at *11-12 (S.D. Cal. May 11, 2016). The

28       [6] Plaintiffs have named the Defendant only in his official capacities.  (*See* ECF No. 6, FAC pp. 6, 16, 20.)

14

1   "decision to initiate administrative proceedings against an individual or corporation is very much

2   like the prosecutor's decision to initiate ... criminal prosecution." *Butz v. Economou*, 438 U.S.

3   478, 515. The MBC has delegated to its Executive Director its power and discretion to initiate,

4   review and prosecute such accusations. *See* Cal. Bus. & Prof. Code, § 2224(a) ("The board may

5   delegate the authority under this chapter to conduct investigations and inspections and to institute

6   proceedings to the executive director of the board. . .”); Cal. Code Regs., tit. 16, § 1356 ("the

7   division [of Medical Quality] delegates and confers upon the executive director of the board . . .

8   all function necessary to the dispatch of business of the division in connection with investigative

9   and administrative proceedings under the jurisdiction of the division”).

10       Plaintiffs allege that Defendant Prasifka is the final decision-maker on the MBC's decision

11   to investigate physicians, such as Plaintiff Mackenzie, for violations of MBC enforced laws and

12   rules (ECF No. 6, FAC p. 6.) Assuming *arguendo*, that Defendant Prasifka's duties are not far too

13   attenuated and do not fall under the exception set forth in *Ex parte Young*, Plaintiffs' allegations

14   that Defendant is the final decision-maker at the MBC to investigate physicians, necessitates the

15   finding that Defendant Executive Director Prasifka is entitled to absolute immunity in connection

16   with the investigation and proceeding action in this matter.

17                                          **CONCLUSION**

18       For the reasons set forth above, Defendant respectfully requests that the Court grant his

19   motion to dismiss without leave to amend and dismiss the entire action with prejudice.  If this

20   motion is not granted in full, Defendant requests 45 days from the order hereon, to file his

21   response to any remaining claims in the FAC.

22   Dated:  August 11, 2022                        Respectfully Submitted,

23                                                  ROB BONTA
                                                    Attorney General of California
24                                                  STEVE DIEHL
                                                    Supervising Deputy Attorney General
25
26                                                  AARON LENT
                                                    Deputy Attorney General
27                                                  *Attorneys for Defendant*
                                                    *Medical Board of California*
28