ROB BONTA, State Bar No. 202668
Attorney General of California
STEVE DIEHL, State Bar No. 235250
Supervising Deputy Attorney General
AARON L. LENT, State Bar No. 256857
Deputy Attorney General
California Department of Justice
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA  94244-2550
Telephone:  (916) 210-7545
Facsimile:  (916) 327-2247
E-Mail:  Aaron.Lent@doj.ca.gov
*Attorneys for Defendant William J. Prasifka*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DOUGLAS MACKENZIE, M.D.,** AND **PHYSICIANS FOR INFORMED CONSENT,**<br><br>Plaintiffs,<br><br>v.<br><br>**WILLIAM J. PRASIFKA,**<br><br>Defendant. | 2:22-CV-01203-JAM-KJN<br><br>**DEFENDANT'S SECOND REQUEST FOR INCORPORATION BY REFERENCE**<br><br>Date:       September 27, 2022<br>Time:       1:30 p.m.<br>Dept:       6<br>Judge:     The Honorable John A. Mendez |

If this Court grants Plaintiffs' Request for Judicial Notice of Appendix #3 – Pending California Assembly Bill 2098, Mark-Ups, and Legislative Analyses Reports (ECF No. 8), over Defendant's Objections to Plaintiffs' Motion for Judicial Notice (ECF No. 14), Defendant then hereby requests this Court incorporate the additional document by reference, as described below.

In resolving a Federal Rules of Civil Procedure rule 12(b)(6) motion, a court's review is generally limited to the operative pleading. *Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998* (9th Cir. 2010); *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007); *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1003-04 (9th Cir. 2006); *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).  Federal Rules of Civil Procedure rule 12(b)(6)

1

expressly provides that when matters outside the pleading are presented to and not excluded by the court the motion shall be treated as one for summary judgment and disposed of as provided in Federal Rules of Civil Procedure rule 56 with all parties receiving reasonable opportunity to present all material made pertinent to such a motion.

There are, however, two exceptions to the requirement that consideration of extrinsic evidence converts a Rule 12(b)(6) motion to a summary judgment motion.  First, courts may properly consider matters subject to judicial notice, and second, documents incorporated by reference in the pleading without converting the motion to dismiss to one for summary judgment. *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Under the doctrine of incorporation by reference, a court may consider a document which was not attached to the pleading if the plaintiff refers to the document extensively or if it forms the basis of the plaintiff's claim.  *Ritchie*, 342 F.3d at 908; *also Daniels-Hall*, 629 F.3d at 998.  If the documents are not physically attached to the complaint, they may be considered if their "authenticity . . . is not contested" and "the plaintiff's complaint necessarily relies" on them. *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998) superseded by statute on other grounds as recognized in *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676 (9th Cir. 2006).

Plaintiffs' FAC allegations extensively discuss the language of California Assembly Bill 2098 as factual evidence to substantiate the basis of Plaintiffs' claims for relief. (ECF No. 6, FAC pp. 4, 5, 13,14, 20.) The proposed language of California Assembly Bill 2098 has undergone several substantive changes since the introduction of the legislation, which has recently culminated in the passage of the bill in its final form by the California State Senate this week.[1, 2]

Defendant requests that this Court incorporate by reference the following document:

Exhibit 3:   California Assembly Bill 2098 As Amends The Law Today

---

[1] https://leginfo.legislature.ca.gov/faces/billTextClient.xhtml?bill_id=202120220AB2098 accessed on August 31, 2022.

[2] Defendant does not waive any defenses or arguments and continues to expressly deny that any version of AB 2098 was factored in any of the actions Plaintiffs' allege occurred. Defendant only submits this information for judicial notice so that the Court will have the most current version and status of AB 2098 available should the Court deem it relevant.

Dated: September 1, 2022

Respectfully Submitted,

ROB BONTA
Attorney General of California
STEVE DIEHL
Supervising Deputy Attorney General

AARON LENT
Deputy Attorney General
*Attorneys for Defendant*
*Medical Board of California*

# Exhibit 3



## AB-2098 Physicians and surgeons: unprofessional conduct. (2021-2022)

**As Amends the Law Today**

**SECTION 1.** The Legislature finds and declares all of the following:

(a) The global spread of the SARS-CoV-2 coronavirus, or COVID-19, has claimed the lives of over 6,000,000 people worldwide, including nearly 90,000 Californians.

(b) Data from the federal Centers for Disease Control and Prevention (CDC) shows that unvaccinated individuals are at a risk of dying from COVID-19 that is 11 times greater than those who are fully vaccinated.

(c) The safety and efficacy of COVID-19 vaccines have been confirmed through evaluation by the federal Food and Drug Administration (FDA) and the vaccines continue to undergo intensive safety monitoring by the CDC.

(d) The spread of misinformation and disinformation about COVID-19 vaccines has weakened public confidence and placed lives at serious risk.

(e) Major news outlets have reported that some of the most dangerous propagators of inaccurate information regarding the COVID-19 vaccines are licensed health care professionals.

(f) The Federation of State Medical Boards has released a statement warning that physicians who engage in the dissemination of COVID-19 vaccine misinformation or disinformation risk losing their medical license, and that physicians have a duty to provide their patients with accurate, science-based information.

(g) In House Resolution No. 74 of the 2021–22 Regular Session, the California State Assembly declared health misinformation to be a public health crisis, and urged the State of California to commit to appropriately combating health misinformation and curbing the spread of falsehoods that threaten the health and safety of Californians.

**SEC. 2.** Section 2270 is added to the Business and Professions Code, to read:

2270. (a) It shall constitute unprofessional conduct for a physician and surgeon to disseminate misinformation or disinformation related to COVID-19, including false or misleading information regarding the nature and risks of the virus, its prevention and treatment; and the development, safety, and effectiveness of COVID-19 vaccines.

(b) For purposes of this section, the following definitions shall apply:

(1) "Board" means the Medical Board of California or the Osteopathic Medical Board of California, as applicable.

(2) "Disinformation" means misinformation that the licensee deliberately disseminated with malicious intent or an intent to mislead.

(3) "Disseminate" means the conveyance of information from the licensee to a patient under the licensee's care in the form of treatment or advice.

(4) "Misinformation" means false information that is contradicted by contemporary scientific consensus contrary to the standard of care.

(5) "Physician and surgeon" means a person licensed by the Medical Board of California or the Osteopathic Medical Board of California under Chapter 5 (commencing with Section 2000).

(c) Section 2314 shall not apply to this section.

**SEC. 3.** *The provisions of this act are severable. If any provision of this act or its application is held invalid, that invalidity shall not affect other provisions or applications that can be given effect without the invalid provision or application.*

## CERTIFICATE OF SERVICE

Case Name:  **Mackenzie v. Prasifka**          No.   **2:22CV01203**

I hereby certify that on September 1, 2022, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT'S SECOND REQUEST FOR INCORPORATION BY REFERENCE**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system. In addition, I transmitted a true copy via electronic mail addressed as follows:

Rick Jaffe Esq.

Email Address: rickjaffeesquire@gmail.com

*Attorney for Plaintiff*

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on September 1, 2022, at Sacramento, California.

|  |  |
|---|---|
| Sienna Sweiven<br>Declarant | *[signature]*<br>Signature |

SA2022303132
36518641.docx